COPY

TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, JR.,
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
Trial Attorney
U.S. Department of Justice
7th Floor Federal Bldg., Room 7-5395
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648; (415) 436-6644;
Fax: (415) 436-6632
mike.underhill@usdoj.gov; eric.kaufman-cohen@usdoj.gov

Attorneys for Plaintiff United States of America

FILED 10 MAR 25 AM 11:24 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY: ___

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE JANKOVICH COMPANY, and LLOYD'S SYNDICATE 1607, *in personam*,<br><br>Defendants. | Civil No. **CV 10-02161-DDP (FMOx)**<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT OF THE UNITED STATES |

Plaintiff, the United States of America alleges upon information and belief as follows:

## GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction against Defendants THE JANKOVICH COMPANY and LLOYD'S SYNDICATE 1607, *in personam,* as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

3. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391 and 1395, and 33 U.S.C. § 2717.

4. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*, to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

5. At all times material herein, Defendant THE JANKOVICH COMPANY ("JANKOVICH") had a place of business in Long Beach, California, and was doing business in California and within this district and within the jurisdiction of this Court, including through ownership and operation of the Barge TYLER J at the time of, and with respect to, the matters sued upon herein.

6. At all times material herein, JANKOVICH owned the Barge TYLER J.

7. At all times material herein, JANKOVICH operated the Barge TYLER J.

8. At all times material herein, JANKOVICH managed the Barge TYLER J.

9. At all times material herein, JANKOVICH chartered the Barge TYLER J.

10. At all times material herein, JANKOVICH controlled the Barge TYLER J.

11. At all times material herein, and by reason of the matters alleged in this Complaint, Defendant JANKOVICH is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

12. At all times material herein, Defendant LLOYD'S SYNDICATE 1607 had a place of business in London, England, and was doing business in the United States and California and within this district and within the jurisdiction of this Court, including, but not limited to, by insuring and/or providing evidence of financial responsibility and certain guarantees pertaining to marine oil pollution liabilities incurred by or through the Barge TYLER J.

13. LLOYD'S SYNDICATE 1607 has provided evidence of financial responsibility and certain guarantees pertaining to the said vessel pursuant to statute and regulations; accordingly, pursuant to those statutes and regulations, and up to the monetary limits of its statutory and regulatory liability, the United States of America is entitled to bring its claims directly against said guarantor.

14. At all times material herein, Defendant JANKOVICH, in addition to Defendant LLOYD'S SYNDICATE 1607, the latter solely up to the monetary limits of its statutory and regulatory liability, were agents of each other and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

15. On or after April 19, 2007, Barge TYLER J, while in the navigable waters of the United States, discharged oil into the navigable waters of the United States and adjoining shorelines. The foregoing discharge, including other acts and omissions to be established according to proof at trial, are hereafter referred to as the

"OPA Incident", said term "OPA" referring to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

16. The OPA Incident was proximately caused, *inter alia*, by the acts, omissions, and strict liability of Barge TYLER J, her owners, crew, agents, servants, employees, and others for whom JANKOVICH was responsible, all within the privity and knowledge of JANKOVICH.

17. Following the OPA Incident, JANKOVICH failed and refused to carry out removal of the discharge and pollution caused by the OPA Incident, thereby causing the United States to respond to the OPA Incident and remove discharged oil pursuant to, *inter alia*, the Clean Water Act, 33 U.S.C. § 1321(c), as amended by OPA.

18. As a result of the OPA Incident and as a result of failure by JANKOVICH to carry out removal of the discharge and pollution, the United States of America, by and through its various agencies and others acting on its behalf, responded to the OPA Incident and incurred removal costs and damages within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*, said removal action by the United States not being completed until a date after commencement of the April 19, 2007 OPA Incident.

19. As a result of the OPA Incident and as a result of failure by JANKOVICH to carry out removal of the discharge and pollution, in excess of $227,032 was expended from the Oil Spill Liability Trust Fund.

20. The precise amount of removal costs and damages sustained by the United States presently exceeds $227,032, the exact amount of said removal costs and damages to be established according to proof at the time of trial, plus interest, administrative charges, costs, disbursements, statutory attorneys' fees, and penalties.

21. The United States reserves the right to amend this Complaint to add parties and/or assert additional causes of action.

VERIFIED COMPLAINT 4

# AS AND FOR A FIRST CAUSE OF ACTION AGAINST JANKOVICH AND S.J. LLOYD'S SYNDICATE 1607
## (OIL POLLUTION ACT OF 1990)

22. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

23. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

24. Under the circumstances herein, JANKOVICH and LLOYD'S SYNDICATE 1607 are liable to the United States of America, without limitation, for all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the OPA Incident.

# AS AND FOR A SECOND CAUSE OF ACTION AGAINST JANKOVICH AND LLOYD'S SYNDICATE 1607, *IN PERSONAM*
## (OIL POLLUTION ACT OF 1990)

25. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

26. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

27. As a result of the OPA Incident, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

28. Pursuant to the Oil Pollution Act of 1990, JANKOVICH and LLOYD'S SYNDICATE 1607 are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

29. The aforesaid costs, damages, and/or disbursements of the Fund, as provided in the Oil Pollution Act of 1990, are presently unascertained.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST JANKOVICH
## (CLEAN WATER ACT, 33 U.S.C. § 1321(b)(7))

30. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

31. Pursuant to 33 U.S.C § 1321(b)(7), JANKOVICH is subject to a judicially assessed civil penalty.

32. Pursuant to 33 U.S.C § 1321(b)(7), JANKOVICH is liable to the United States for a judicially assessed civil penalty in an amount to be determined at trial.

33. Following the discharge of oil from Barge TYLER J, JANKOVICH, by and through its officers, agents, servants, employees, and others for whom it was responsible, undertook various actions that will be the basis of discovery. The United States expressly reserves the right to amend this Complaint to add parties and/or assert additional causes of action pertaining to JANKOVICH's post-spill actions, as well as assert such rights and actions, as may be appropriate, in other fora.

WHEREFORE, the United States of America prays as follows:

1. That United States of America be granted judgment against Defendants JANKOVICH and LLOYD'S SYNDICATE 1607, *in personam*, pursuant to the verified Complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against Defendants JANKOVICH and LLOYD'S SYNDICATE 1607, *in personam*, for pollution removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: March 23, 2010.

TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, JR,
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division

_____
R. MICHAEL UNDERHILL
Attorney in Charge
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
Trial Attorney
Torts Branch, Civil Division
West Coast Office
U.S. Department of Justice

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

## VERIFICATION

R. MICHAEL UNDERHILL says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED: March 23, 2010.

_____
R. MICHAEL UNDERHILL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV10- 2161 DDP (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
R. Michael Underhill, Atty in Charge
USDOJ/Torts Branch/Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV10-02161-DDP(FMOx) |
| THE JANKOVICH COMPANY, and LLOYD'S SYNDICATE 1607, in personam, | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S). _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _R. Michael Underhill_____, whose address is _450 Golden Gate Avenue, P.O. Box 36028, San Francisco, CA 94102_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  _25 MAR 2010_                By: ____MARILYN DAVIS____
                                          Deputy Clerk
                                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | THE JANKOVICH COMPANY, and LLOYD'S SYNDICATE 1607, in personam, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| R. Michael Underhill/Eric Kaufman-Cohen, USDOJ, Torts Branch, Civil Div. 450 Golden Gate Avenue, P.O. Box 36028 San Francisco, CA 94102, (415) 436-6648 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ excess of $227,032

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Damages for oil spill cleanup pursuant to 33 U.S.C. section 2701, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE / PENALTY | |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☒ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY: Case Number: **CV10-02161**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| THE JANKOVICH COMPANY, Los Angeles County | LLOYD'S SYNDICATE 1607, London, England |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____[signature]_____   Date March 23, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |